Michael S. Cole (MSC 0636)
Cascone, Cole & Collyer
711 Third Avenue – 15th Floor
New York, NY  10017
Tel:  (212) 599-4747
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREAS WEITBRECHT, individually, and as Assignee of the Claim of BARBARA WEITHBRECHT, also known as BARBARA NEKVEDAVICIUS,<br><br>      Plaintiff,<br><br>    -against-<br><br>B&H ASSOCIATES of N.Y. LLC, doing business as PRUDENTIAL DOUGLAS ELLIMAN REAL ESTATE, B&H OF THE HAMPTIONS LLC, doing business as PRUDENTIAL DOUGLAS ELLIMAN REAL ESTATE, DOROTHY HERMAN and LYNDA IRELAND,<br><br>      Defendants. | **ANSWER**<br><br>Case No. 08-Civ-01539 (RJS) |

   The Defendants in Answer to the Complaint of the Plaintiff filed February 14, 2008, respectfully allege as follows:

*In Answer to Jurisdiction and Venue*

   1.  In answer to Paragraph 1: denies that the jurisdictional amount of real damages or amount in controversy exceeds $75,000.

2.	In answer to paragraph 2: admit that venue is proper.

*In Answer as to The Parties*

3.	In answer to paragraph 3: defendants cannot determine the nationality of the plaintiff but do believe he is a citizen of the Federal Republic of Germany.

4.	In answer to paragraph 4: admitted.

5.	In answer to paragraph 5: admitted.

6.	In answer to paragraph 6: admit that Dorothy Herman is the broker of record of the B&H entities pled in complaint paragraphs 4 and 5, but deny that Ms. Herman had any contact of any kind with plaintiff or made any representations to plaintiff of any kind.

7.	In answer to paragraph 7: deny that Dorothy Herman had any contact or made any representations to plaintiff of any kind.

*In Answer as to The Facts Alleged*

8. In answer to paragraph 8: admitted.

9. In answer to paragraph 9: admitted.

10. In answer to paragraph 10: deny that Dorothy Herman had any contact or made any representations to plaintiff of any kind.

11. In answer to paragraph 11: admitted.

12. In answer to paragraph 12: admitted, but the defendants are not certain as to the property descriptions pled.

13. In answer to paragraph 13: admitted, but the defendants are not certain as to the property description pled.

14. In answer to paragraph 14: admitted to the extent that the properties were listed with the defendants-brokers.

15. In answer to paragraph 15: defendants cannot attest to the martial status of Andreas Weitbrecht or Barbara Nekvedavicius.  The defendant Ireland did not "represent

the value" of the lots subject of the action, indicating only to plaintiff, that purchase price necessary to achieve an expeditions sale given the sales history of the property and the demands of the plaintiff.

16. In answer to paragraph 16: admit that the lots were ultimately sold for the purchase price alleged, but note that the lots had been listed at a higher price without success.

17. In answer to paragraph 17: at no time did any of the defendants represent the highest fair market value, but only the highest price in accord with the plaintiff's demand to sell the properties expeditiously.

18. In answer to paragraph 18: admit upon information and belief that the lots were sold by plaintiff to to Gregory Konner at $385,000 each.

19. In answer to paragraph 19: admit the lots are contiguous.

20. In answer to paragraph 20: admit that there were likely writings prepared by Prudential Douglas Elliman Real Estate particularizing the transaction and the Listing broker.

21. In answer to paragraph 21: denied that there was a listing of the properties at a higher price by defendants in behalf of the prospective purchaser Konner before Konner entered into the contract of sale with plaintiff.  But admit that after the prospective purchaser Konner became record owner of the properties such a listing was obtained where Konner sought a higher offering price than the one he paid to purchase, though no actual transaction at such price was then known of by defendants.

22. In answer to paragraph 22: admit that the plaintiff Ireland was one of the listing brokers for the prospective sale from Konner, only after Konner had become record owner.

23. In answer to paragraph 23, deny the allegation as to any misrepresentation as to the fair market value of the properties and aver that the lots were sold for the best price given the condition of the property and the directions of plaintiff that a sale be consummated quickly and expeditiously.

24. In answer to paragraph 24, admitted.

25. In answer to paragraph 25, deny knowledge sufficient to form a belief.

26. In answer to paragraph 26, deny that the defendants breached any fiduciary duty to plaintiff.

*In Answer to Count I*

27.	In answer to paragraph 26, deny that the defendants breached any fiduciary duty to plaintiff.

28.	In answer to paragraph 27, deny the defendants did other than to offer the plaintiff's properties at the best possible price given the condition of the property and the directions by plaintiff that a sale be consummated quickly and expeditiously.

29.	In answer to paragraph 28, deny that the defendants every engaged in an improper dual representation.

30.	In answer to paragraph 29, deny the defendants did other than to offer the plaintiff's properties at the best possible price given the condition of the property and the directions by plaintiff that a sale be consummated quickly and expeditiously.

31.	In answer to paragraph 30. denied that the defendants are in any way liable to plaintiff.

*In Answer to Count II*

32.  In answer to paragraph 31, at no time did any of the defendants represent anything other than the good faith effort to obtain the best possible price for plaintiff given plaintiff demanded to sell quickly and expeditiously.

33.  In answer to paragraph 32, denied that defendant Ireland made any such false representation.

34.  In answer to paragraph 33, denied that defendant Ireland made such false representation or violated any fiduciary duty.

35.  In answer to paragraph 34, denied that any false representation was made upon which plaintiff is alleged to have relied to his detriment.

36.  In answer to paragraph 35, denied that plaintiff has suffered any damages for which any of the defendants are liable in any way.

*In Answer to Count III*

37. . In answer to paragraph 36, none of the defendants breached either a fiduciary duty or duty of loyalty or other duty to either plaintiff or his assignor.

38. In answer to paragraph 37, none of the defendants breached either a fiduciary duty or duty of loyalty or other duty to either plaintiff or his assignor, nor was the fair market value of the properties misrepresented.

39. In answer to paragraph 38, at no time were any of the defendants in breach of a fiduciary duty by engaging in a dual representation without disclosure.

40. In answer to paragraph 39, none of the defendants breached either a fiduciary duty or duty of loyalty or other duty to either plaintiff or his assignor, nor was the fair market value of the properties misrepresented.

41. In answer to paragraph 40, denied that plaintiff has suffered any damages for which any of the defendants are liable in any way.

*In Answer to Count IV*

42. In answer to paragraph 41, at no time did any of the defendants represent anything other than the good faith effort to obtain the best possible price for plaintiff or plaintiff's assignor given plaintiff and/or his assignor demanded to sell quickly and expeditiously.

43. In answer to paragraph 42, denied that defendant Ireland made any such false representation.

44. In answer to paragraph 43, denied that defendant Ireland made any such false representation or violated any fiduciary duty.

45. In answer to paragraph 44, denied that any false representation was made upon which plaintiff or his assignor is alleged to have relied to his or her detriment.

46. In answer to paragraph 40, denied that plaintiff or his assignor has suffered any damages for which any of the defendants are liable in any way.

WHEREFORE, the defendants demand judgment dismissing the Complaint and for such other and further relief as may be just and proper.

Dated: March 13, 2008

Yours, etc.

CASCONE, COLE & COLLYER
Attorneys for Defendants
By: Michael S. Cole, Esq.
711 Third Avenue – 15th Floor
New York, NY 10017
Tel: (212) 599-4747